# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 2020 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

LFranco@FaillaceLaw.com

**March 17, 2014**

**Filed Via ECF and Email to ForrestNYSDChambers@nysd.uscourts.gov.**

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Nocelo et al v. Pax Ventures LLC., et al. <u>13 CV 6492 (KBF)</u>

Dear Judge Forrest:

      We represent Plaintiffs in the above referenced matter, and write pursuant to Local Civil Rule 37.2 to request a conference with the Court to settle a dispute concerning discovery that has arisen in advance of depositions to be taken place March 24, 2014 at Defense counsel's offices. We ask that the Court issue a protective order to bar Defendants' counsel from seeking discovery of Plaintiffs', tax filings, social security and/or tax ID number, or authorization to work in the United States (collectively, "Contested Discovery Issues"), and lines of questioning designed to elicit the same.

      Counsel for the parties have met and conferred by electronic mail and telephone concerning whether Defendants' counsel is permitted to seek discovery concerning the Contested Discovery Issues. Defendants have agreed not to inquire into Plaintiffs' immigration status. However, Defendants do maintain that they should be allowed to inquire into whether Plaintiffs who received cash instead of checks reported all their cash wages, including tips to the Internal Revenue Service. In this case, all three (3) Plaintiffs received cash. Plaintiffs maintain that seeking such information is not permitted.

      Fed. R. Civ. P. 26(c) authorizes a court to "for good cause, make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . ." Good cause exists to issue a protective order barring Defendants' counsel from discovering information pertaining to the Contested Discovery Issues.

      The potential chilling, *in terrorem* effect of such discovery in FLSA and wage and hour cases substantially outweighs the probative value of the information sought. Questions concerning Plaintiffs' filing of tax returns can also serve as a backdoor attempt to discover Plaintiffs' immigration status. *See Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (issuing protective order against discovery into whether plaintiffs filed tax returns because, among other things, requests were an attempt to obtain disclosure of immigration status). It is

June 21, 2013
Page 2

also well established that tax returns are discoverable only if a two-pronged test is satisfied: "first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Rengifo,* 2007 U.S. Dist. LEXIS 19928 at *6. Courts routinely find that this test is not met where defendants seek an FLSA plaintiff's tax returns. *Id.* at *7; *Uto*, 269 F.R.D. at 212. Defendants cannot demonstrate the relevance of Plaintiffs' filing of tax returns, nor can they demonstrate a compelling need. Accordingly, a protective order should issue against discovery concerning their filings of tax returns.

The Plaintiffs' depositions are scheduled for Monday, March 24th. We ask that the Court issue a protective order barring Defendants from discovery, or asking questions at their depositions, on such topics.

Accordingly, we ask that the Court issue a protective order in the form of the enclosed proposed order. Alternatively, we ask that the Court schedule a conference to address these issues at the earliest practicable time.

We thank the Court for its attention to this matter.

                                        Respectfully Submitted,

                                        /s/Lina Franco
                                        Lina M. Franco

cc:      Michael Tiliakos, Esq. (via email)