```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 7 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAIME NOCELO, et al.,                             :
                                                  :
                          Plaintiffs,             :
              -v-                                 :     13 Civ. 6492 (KBF)
                                                  :
                                                  :         ORDER
PAX VENTURES LLC, et al.,                         :
                                                  :
                          Defendants.             :
------------------------------------------------------------X
KATHERINE B. FORREST, District Judge:

    On September 13, 2013, plaintiffs Jaime Nocelo, Domingo Rojaas, and Cecilio Cordoba (collectively, "plaintiffs"), individually and on behalf of others similarly situated, filed this action against defendants Pax Ventures LLC (d/b/a Europa Cafe), 545 Fifth Avenue Bake LLC (d/b/a Europa Cafe), Peter Xenopoulos, Alexander Xenopoulos, and Kostas Karagiannis (collectively, "defendants"), alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Labor Law §§ 190 et seq. and 650 et seq. ("NYLL"), and the New York Codes, Rules, and Regulations ("NYCRR"), tit. 12, § 142-2.4(a)(2009). (Compl. ¶ 10, ECF No. 1, Sept. 13, 2013.) On December 10, 2013, defendants answered the Complaint. (ECF Nos. 18-21.)

    On May 16, 2014, the parties informed the Court that they had achieved a settlement in principle. (ECF No. 41.) That same day, the Court Ordered the parties to provide the Court with their proposed settlement materials. After requesting and being granted two extensions of time, the parties submitted the materials in camera on July 14, 2014.

1

The proposed settlement provides plaintiffs with over 50% of that to which they believe they would have been entitled in the event of a full recovery. Having considered the joint request for approval of the settlement, the Court hereby APPROVES the settlement as fair and reasonable, with certain modifications to the attorneys' fees portion of the award as explained below.

I.  DISCUSSION

"[B]efore a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).[1] In making such a determination, courts look to the totality of the circumstances, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel, and (5) the possibility of fraud or collusion.

Id. (internal quotation marks and citation omitted).

Generally, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Diaz v. Scores Holding Co., No. 07 Civ. 8718, 2011 WL 6399468, *2 (S.D.N.Y. 2011); see also Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982) (explaining

---

[1] But see Lliguichuzcha v. Cinema 60, LLC, No. 11 Civ. 4486, 2013 WL 2436526, at *1 (S.D.N.Y. 2013) (suggesting that "it is not clear that judicial approval of an FLSA settlement is legally required") (citing cases).

that courts usually regard the adversarial nature of a litigated FLSA case to be a sufficient indicator of a settlement's fairness). "The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." Massiah v. MetroPlus Health Plan, Inc., No. 11 Civ. 5669, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012) (citations omitted).

In this case, the Court finds that the proposed settlement was reached as a result of arm's-length negotiations. The litigation was contested, and there is no evidence of collusion.

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)). Attorneys' fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Sand v. Greenberg, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (explaining that "[b]ut for the separate provision of legal fees, many violations of the [FLSA] would continue unabated and uncorrected"); see also Braunstein v. Eastern Photgraphic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose"); Estrella v. P.R. Painting Corp., 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) ("The fee provisions contained in the FLSA and the [NYLL] were designed in part to secure legal representation for

plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements.") (citing cases); Diaz, 2011 WL 6399468, at *4 (citing cases discussing the rationale for the fee provisions in the FLSA and the NYLL).

Attorneys' fees in FLSA settlements are subject to the court's approval, however. See 29 U.S.C. § 216(b); Miesiewicz v. D'Onofrio Gen. Contractors Corp., No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. 2010) (citing cases), report & recommendation adopted by 2010 WL 2545472 (E.D.N.Y. June 18, 2010). Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (quoting Gen. Elec. Co. v. Compagnie Euralair, S.A., No. 96 Civ. 0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)).

In order to determine the appropriate fee award, courts typically start with a determination of the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Healey v. Leavitt, 458 F.3d 63, 71 (2d Cir. 2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Anthony, 844 F. Supp. 2d at 506 (explaining that "[t]he Supreme Court recently approved the lodestar approach over the more discretionary approach that had been adopted by the 5th Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). Counsel for the prevailing party must submit evidence in support of their proposed figures, and "should make

a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. at 433-34.

"A reasonable hourly rate is 'the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Costello v. Flatman, No. 11 Civ. 287, 2013 WL 1296739, at *4 (E.D.N.Y. Mar. 28, 2013) (discussing fees with respect to the Americans with Disabilities Act) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008) (other citation omitted)). A reasonable hourly rate is based on "the [current] prevailing market rate for lawyers in the district in which the ruling court sits." Anthony, 844 F. Supp. 2d at 507.

Here, plaintiffs' counsel requests a fees and costs award of $27,882.50. This amounts to just over half plaintiffs' total recovery. The request is calculated based on the following billing rates: $450 per hour for Michael Faillace; $400 per hour for Joshua Androphy; $375 per hour for Shawn Clark; and $350 per hour for Lina Franco. Plaintiffs have not provided information regarding the educational background and experience of each attorney. Setting that aside, however, the Court finds these hourly fees to be unacceptably high. See, e.g., Agudelo v. E & D LLC, No. 12 Civ. 960, 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) (awarding lead counsel $350 per hour, the second most senior attorney $250 per hour, the junior associate $200 per hour, and the paralegal $100 per hour); Carrasco v. West Village Ritz Corp., No. 11 Civ. 7843, 2012 WL 2814112, at *7 (S.D.N.Y. July 11, 2012)

("Courts in this [d]istrict have determined in recent cases that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450."); Wong v. Hunda Glass Corp., No. 09 Civ. 4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (stating that the reasonable hourly rate for "employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour") (citations omitted); Allende, 783 F. Supp. 2d at 514 (awarding $450 to a partner who graduated in 2001 and $300 for a senior associate who graduated that same year); Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009) (awarding $400 to a senior lawyer who had 25 years of experience and $150 for an associate). The Court thus reduces the hourly fees to the following:

- $350 per hour for Michael Faillace;
- $300 per hour for Joshua Androphy;
- $275 per hour for Shawn Clark; and
- $250 for Lina Franco.

However, the Court finds the amount of time spent litigating this case reasonable under the circumstances. See Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1997) (explaining that in determining the proper number of hours, "the district court should exclude excessive, redundant[,] or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims"). As such, the Court approves of the time billed by plaintiffs' counsel as acceptable.

The attorneys' fees to be awarded in connection with the settlement of this action are thus as follows:

- Michael Faillace: $350/hour x 25.85 hours = $9,047.50;
- Joshua Androphy: $300/hour x 14.65 hours = $4,395.00;
- Shawn Clark: $275/hour x 2 hours = $550.00; and
- Lina Franco: $250/hour x 26.4 hours = $6,600.00.

As for the requested costs, which total $400, the Court approves of such costs as fair and reasonable.

II.   CONCLUSION

For the reasons set forth above, the Court approves of the settlement, with the certain modifications discussed herein. Pursuant to the terms of the settlement, the funds are to be distributed in accordance with the settlement agreement as proposed. Attorneys' fees and costs shall be awarded in the total amount of $20,992.50.

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:   New York, New York
         July 17, 2014

                                              /s/ K. B. Forrest
                                        _____
                                           KATHERINE B. FORREST
                                           United States District Judge